

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| RONALD DEMETRIUS HUGHES, § | | |
| Petitioner, § | | |
| § | | |
| vs. § | | Civil Action No. 9:19-00700-MGL-BM |
| § | | |
| WARDEN OF FCI-WILLIAMSBURG, § | | |
| Respondent. § | | |
| § | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLANTIFF'S COMPLAINT WITHOUT PREJUDICE**

Petitioner Ronald Demetrius Hughes (Hughes), proceeding pro se, filed this action asserting a habeas corpus claim under 28 U.S.C. § 2241. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Hughes's petition be dismissed without prejudice and without requiring Respondent Warden of FCI-Williamsburg (Respondent) to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on April 30, 2019. Hughes filed his Objections to the Report (Objections) on May 8, 2019. The Court has reviewed the objection but holds it to be without merit. It will therefore enter judgment accordingly.

Hughes's sole objection is sufficient facts were pled to excuse the exhaustion requirement of § 2241. He asserts that the delay in implementation of the First Step Act of 2018's (First Step Act) good time credits violates the rule of statutory construction and Due Process. This argument is unavailing.

Hughes attempts to seek the relief provided for in the First Step Act, while ignoring the clear statutory mandate relief is not available until "the Attorney General completes and releases the risk and needs assessment system." First Step Act of 2018, Pub. L. No. 115-391, § 102, 132 Stat. 5194, 5213 (2018). At the time of Hughes filed his petition, the Attorney General had yet to complete or release that assessment system. Accordingly, Hughes had no basis for when he filed his petition.

Further, Hughes conflates the Magistrate Judge's discussion of his failure to exhaust administrative remedies, with the analysis on the applicability of the First Step Act's good time credit increase to Hughes's sentence. The Magistrate Judge's hypothetical, and correct, analysis on Hughes's failure to exhaust all administrative remedies, has no bearing on the outcome as Hughes sought relief not yet available. The delayed implementation of the First Step Act does not excuse the exhaustion requirement. The outcome, however, is the same regardless of the exhaustion analysis. Accordingly, Hughes's objection is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Hughes's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Hughes's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

Signed this 30th day of October 2019 in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.